IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS REED,    Plaintiff, | § § § | |
| v. | § § | Case Number: 3:14-CV-4412 |
| LKQ CORPORATION,    Defendant. | § § § | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT PROOF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant, LKQ Corporation ("Defendant" or "LKQ"), files this its objections to Plaintiff's Summary Judgment Proof and would respectfully show as follows:

### I. OBJECTIONS TO USE OF EXHIBITS NOT PREVIOUSLY PRODUCED

Defendant objects to the following exhibits on the basis that they were not produced during the discovery period:

1.   Defendant objects to Exhibit P, photographs of LKQ facility and operations, App 061-080. The discovery period for this case ended on March 2, 2018. These photographs were not previously produced by plaintiff prior to the discovery period closing and as a result, cannot be used by Plaintiff as competent summary judgment proof pursuant to Fed. R. Civ. P. 37(c), and 26(a).  See also, *Martino v. Kiewit N.M. Corp*., 600 F. App'x 908, 909 (5th Cir. 2015)

2.   Defendant objects to Exhibit L, photographs of the pool, App. 051 and App. 052. The discovery period for this case ended on March 2, 2018. These photographs were not previously produced by plaintiff prior to the discovery period closing and as a result, cannot be used by

Plaintiff as competent summary judgment proof pursuant to Fed. R. Civ. P. 37(c), and 26(a).  See also, *Martino v. Kiewit N.M. Corp.,* 600 F. App'x 908, 909 (5th Cir. 2015).

## II. OBJECTIONS TO AFFIDAVIT OF CHRIS REED

Defendant also objects to the Affidavit of Chris Reed referenced as Exhibit C, App. 017 – 020 to Plaintiff's Brief in Support of Response to Summary Judgment and would show as follows:

1.  Defendant objects to the following statements contained in paragraph No. 4 of Chris Reed's affidavit: "LKQ has never planted the tees (sic) they promised in the tree preservation plan nor what they told the City in city council meetings nor what they represented to me."  Defendant objects on the following grounds: relevancy, lack of foundation, lack of personal knowledge, conclusory statements, and speculation.

2.  Defendant objects to the following statements contained in paragraph No. 5 of Chris Reed's affidavit: "After construction was complete and the normal operations began there still is constant dust, debris, trash that comes on my property."  Defendant objects on the following grounds: contradicts previous statements, conclusory statement, lack of personal knowledge lack of foundation, and speculation.

3.  Defendant objects to the following statements contained in paragraph No. 5 of Chris Reed's affidavit: "The pictures and video I took show the dust comes from the LKQ facility that dust, debris and trash blows on my property." In his deposition the plaintiff could not conclusively prove where the dust came from. *See* Deposition of Chris Reed at pg. 108-109. Defendant objects on the following grounds: conclusory, contradicts previous statements, lack of foundation and speculation.

4.Defendant objects to the following statements contained in paragraph No 5 of Chris Reed's affidavit: "Almost everyday there is trash and debris in our yard." Defendant objects on the following grounds: relevance, conclusory statements and lack of foundation.

5.Defendant objects to the following statements contained in paragraph No. 5 of Chris Reed's affidavit: "There is constant dust and debris in my shop." Defendant objects on the following grounds: relevance, conclusory statements and lack of foundation.

6.Defendant objects to the following statements contained in paragraph No. 6 of Chris Reed's affidavit: "In addition to the dust, debris and trash there is constant loud machinery noise that comes from the LKQ facility." In his deposition, the plaintiff could not conclusively prove where the dust came from. See Deposition of Chris Reed at pg. 108-109. Defendant objects on the following grounds: contradicts previous statements, conclusory statements, speculation and lack of foundation.

7.Defendant objects to the following statements contained in paragraph No. 6 of Chris Reed's affidavit: "LKQ is constantly cutting cars and crushing cars in the Open Salvage Area." Defendant objects on the following grounds: relevance, conclusory statements, and lack of foundation.

8.Defendant objects to the following statements contained in paragraph No. 7 of Chris Reed's affidavit: "The all day, every day, constant noise, dust and debris from LKQ substantially interferes with the use and enjoyment of our property." Defendant objects on the following grounds: legal conclusion, lack of foundation, and conclusory statement.

9.Defendant objects to the following statements contained in paragraph No. 9 of Chris Reed's affidavit: "We suffer extreme personal discomfort, annoyance and inconvenience due to

the LKQ operations." Defendant objects on the following grounds: legal conclusion, conclusory statements, lack of foundation, and Reed plaintiff is not an expert.

10. Defendant objects to the following statements contained in paragraph No.9 of Chris Reed's affidavit: "The aesthetic value of our home is completely destroyed which has a significant impact on the value of our home." In his deposition, Plaintiff testified that he could not answer and provide details concerning any impact on his home. Deposition of Chris Reed at pg. 152 lines 14-18. Defendant objects on the following grounds: conclusory statements, contradicts prior sworn testimony, lack of foundation, plaintiff is not an expert on valuation, and lack of personal knowledge.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that these Objections be sustained and request that the Court award them any and all such other and further relief to which they may be justly entitled.

Respectfully Submitted,

 */s/ Christopher G. Lyster*
Christopher G. Lyster
State Bar No. 12746250
chris@pulshaney.com
Mark A. Haney
State Bar No. 08908480
mhaney@pulshaney.com
W. Kelly Puls
State Bar No. 16393350
kpuls@pulshaney.com
PULS HANEY, P.L.L.C.
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
Telephone: 817.338.1717 / 817.498.9911
Facsimile: 817.332.1333

and

Todd M. Hurd
State Bar No. 24025443
t.hurd@texasattorneylaw.com
**TODD HURD & ASSOCIATES**
P.O. Box 1741
Burleson, Texas  76097
(817) 426-4529 - Telephone
(817) 426-8159 - Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20[st] day of April, 2018, a copy of the foregoing document was served upon the following counsel of record as noted:

**VIA ECF SYSTEM**

Mathew W. Bobo
4916 Camp Bowie Blvd.
Fort Worth, Texas 76107

**VIA ECF SYSTEM**

Scotty Maclean
3500 Hulen Street, Suite 100
Fort Worth, Texas 76107

 */s/ Christopher G. Lyster*
Christopher G. Lyster