**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CHRIS REED,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-4412-L |
| § | |
| **LKQ CORPORATION,** § | |
| § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Amended Brief in Support of [its] Motion for Summary Judgment Pursuant to Rule 56 (Doc. 34), filed March 28, 2018.[1] After careful consideration of the motion, briefs, appendices, record, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion for Summary Judgment. Specifically, Defendant's Motion for Summary Judgment is **granted** with regard to Plaintiff's nuisance claim based on a theory of strict liability and **denied** with regard to Plaintiff's intentional and negligent nuisance theories.

**I.    Procedural and Factual Background**

On November 20, 2014, Plaintiff Chris Reed ("Reed" or "Plaintiff") filed suit against Defendant LKQ Corporation ("LKQ" or "Defendant") in the 413th Judicial District Court of Johnson County, Texas, alleging a private-nuisance claim. On December 17, 2014, Defendant timely removed the action to federal court, contending that complete diversity of citizenship exists

---

[1] Defendant LKQ Corporation did not file a formal motion for summary judgment as required by this district's Local Civil Rule 56.3. Adherence to these rules facilitates ruling on dispositive motions and saves scarce judicial resources. The court will treat Defendant's amended brief as containing the motion. If counsel violates this rule in the future, the court will strike all documents filed in conjunction with a purported dispositive motion.

**Memorandum Opinion and Order –Page 1**

between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

The suit arises from the construction and operation of Defendant's automobile-salvage business, which is located across from Plaintiff's residence. Reed seeks to recover under a theory of nuisance on three different grounds: intentional nuisance, negligent nuisance, and abnormally dangerous activity nuisance. According to Plaintiff, LKQ's facility is located at 2955 S. Burleson Boulevard, Burleson, Texas, at the corner of Interstate 35W and County Road 518 ("CR 518"), and his home sits across from CR 518. In Plaintiff's First Amended Complaint (Doc. 11), Reed alleges that LKQ's facility was constructed notwithstanding his objections to the City of Burleson zoning committee and that LKQ failed to keep "several promises" to minimize any interferences the facility would cause him and his family. According to Reed, LKQ's failure to minimize noise and debris substantially interferes with his interest in his property. Reed alleges that LKQ's intentional and unreasonable operation of machinery in conducting its business creates the private nuisance from which this suit arises. Am. Compl. 4. Alternatively, he alleges that LKQ's acts and omissions are "abnormal and/or out of place for the property and surrounding area" and that its conduct is negligent because LKQ has not properly adhered to the plans approve by the City of Burleson. *Id.* at 4. Reed further alleges that LKQ's conduct has resulted in real-property damage and personal injury, including loss of property value. *Id.*

On March 28, 2018, Defendant filed an amended motion for summary judgment. Defendant contends that it is entitled to judgment as a matter of law because Plaintiff cannot prove the essential elements of a private nuisance cause of action. Defendant further contends that Plaintiff cannot raise a genuine dispute of material fact with supporting evidence sufficient to

defeat summary judgment. Plaintiff disagrees and contends that genuine disputes of material fact exist regarding his claim.

## II. Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could

**Memorandum Opinion and Order –Page 3**

not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

#### A. The Parties' Contentions

Defendant argues that Plaintiff's private-nuisance claim fail as a matter of law. LKQ contends that Reed cannot show that the operation of its automobile-salvage business meets the elements of a private-nuisance cause of action as set forth in *Crosstex North Texas Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580 (Tex. 2016). Specifically, Defendant contends that summary

judgment should be granted for the following reasons: (1) there is no intentional and unreasonable interference or invasion; (2) LKQ's operations are lawful and permitted by the City of Burleson; (3) there is no negligently created private nuisance; (4) there are no abnormal or out of place operations by LKQ; and (5) Plaintiff suffered no actual damages. Defendant also contends that, in addition to Plaintiff living close to Interstate 35W, there is an oil and gas "well/compressor/generator station" adjacent to Plaintiff's property that could be responsible for the alleged nuisance.

In response, Plaintiff contends that Defendant's Motion for Summary Judgment should be denied because whether the conditions created by LKQ substantially interfere with the use and enjoyment of his land is a fact issue that should be determined by a jury. He further contends that he has satisfied each element of a claim for private nuisance and that Defendant's arguments concerning the gas well and Interstate 35W are a "red herring."

### B. Legal Standard for Private Nuisance

Under Texas law, a private nuisance is a "condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Gardiner*, 505 S.W.3d at 593 (internal citations and quotation marks omitted). The term "nuisance" "refers not to a defendant's conduct or to a legal claim or cause of action but to a type of legal injury involving interference with the use and enjoyment of real property." *Id.* at 588. There are three general categories of conduct that may support liability for creating a nuisance: (1) intentional nuisance; (2) negligent nuisance; and (3) strict-liability nuisance. *Id.* at 604-608. To support a claim for private nuisance, the condition the defendant causes must be "substantial" in light of all circumstances, and cause "discomfort or annoyance that is unreasonable." *Id.* at 595 (internal quotation marks omitted).

**Memorandum Opinion and Order –Page 5**

A defendant may be found liable for "intentionally causing a nuisance based on proof that he intentionally created or maintained a condition that substantially interferes with the claimant's use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Id.* at 604-05. "'Intent' in this context, as in most legal contexts, means that 'the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to result from it.'" *Id.* at 605 (citation omitted). To establish an intentional nuisance claim, a plaintiff must prove that the defendant intentionally caused the interference that caused the nuisance and not just that the defendant engaged in conduct that causes the interference. *Id.*

A plaintiff's negligent-nuisance claim is governed by ordinary negligence principles, and a plaintiff must prove "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Id.* at 607 (internal quotation marks omitted). A negligent nuisance may result from "a failure to take precautions against a risk apparent to a reasonable man." *Id.* (internal quotation marks omitted).

A defendant may be found liable for strict-liability nuisance if it engages in conduct that constitutes an "abnormally dangerous activity" or involves an abnormally "dangerous substance" that creates a "high degree of risk or serious injury" *Id.* at 609 (citation omitted). In other words, "the mere fact that the defendant's use of its land is 'abnormal and out of place in its surroundings' will not support a [strict-liability] claim . . . the abnormal and out-of-place conduct must be abnormally 'dangerous' conduct that creates a high degree of risk of serious injury." *Id.*

### C. Discussion

Plaintiff brings a claim for private nuisance alleging that Defendant invaded his property interest in a manner that was either intentional or negligent. Am. Compl. 3-4. Plaintiff alternatively

**Memorandum Opinion and Order –Page 6**

brings a claim for a private nuisance on the ground that Defendant created a nuisance by conduct that was "abnormal and/or out of place," which the court interprets as a strict-liability theory based on the law established in *Gardiner*. Compl. 3-4. The court determines that Plaintiff has raised genuine disputes of material fact as to whether LKQ may be liable for intentional nuisance and negligent nuisance. The court, however, determines that Plaintiff has failed to raise genuine disputes of material fact with regard to his strict-liability theory.

*1. Intentional and Negligent Nuisance*

In *Gardiner*, the court offered substantial guidance relating to the law of nuisance. The court clarified what constitutes a nuisance and under what circumstances a defendant may be held liable for causing a nuisance. Most notably, the court held that "questions of whether an interference with the use and enjoyment of property is substantial, [and] whether the effects of such an interference on the plaintiffs are unreasonable" are generally questions of fact for the jury to decide. *Gardiner*, 505 S.W.3d at 609. The court further held that questions of "whether the defendant intentionally or negligently created the interference, and whether the interference results from abnormally dangerous activities" also generally present questions of fact for the jury to decide. *Id.* "A court may decide the issues as a matter of law only if the underlying facts are undisputed or, in light of all the evidence, 'reasonable minds cannot differ.'" *Id.*

Plaintiff has presented evidence that the noise, dust, and debris from LKQ's operation invade his property and interferes with his use and enjoyment of the land. Plaintiff stated in his affidavit that "what comes off of their trucks is coming on my property. I have got video and pictures of it." Am. Pl.'s App. 89-90. Plaintiff further stated that the "noise levels of the back-up beepers that run all day long; the dust and debris off of the caliche clay of the 71 acres that they kick up all day long while their D1 dozers are running up and down . . . that's the complaint that's

**Memorandum Opinion and Order –Page 7**

the nuisance." *Id.* at 94. Plaintiff described the noise, dust, and debris that allegedly interfere with the use and enjoyment of his property consistently throughout his deposition.[2] *See also id.* at 95.

In support of summary judgment, LKQ contends that a private entity holding a valid city permit to engage in specific conduct enjoys protection from private nuisance claims and cites *C.C. Carlton Industries, Ltd. v. Blanchard*, 311 S.W.3d 654, 660 (Tex. App.—Austin 2010, no pet.), to support its contention. Defendant's contention, however, misapprehends the law, as the court in *Blanchard* did not expressly hold that such protections exist for private entities that hold valid city permits. To the contrary, the court expressly stated, "[E]ven if a commercial enterprise holds a valid permit to conduct a particular business, the manner in which it performs its activity may give rise to an action for nuisance." *Id.*

Moreover, in support of summary judgment, Defendant also refers to statements made by Reed in his deposition that mischaracterize his testimony. Defendant contends that Plaintiff admitted that the "real reason" for the instant lawsuit is because he does not want to view LKQ's commercial operations across CR 518. Def.'s Mot. Summ J. 9. In actuality, Plaintiff testified that he sued because of the "dust and the noise and everything that's been going on." Def.'s App. 125.

---

[2] In opposition to Defendant's summary judgment, Plaintiff submitted exhibits that were not produced prior to the end of the discovery period. On April 20, 2018, Defendant filed its Objections to Plaintiff's Summary Judgment Proof (Doc. 42). Defendant contends that the exhibits cannot be used by Plaintiff as competent summary judgment proof pursuant to Federal Rule of Civil Procedure ("FRCP") 37(c) and 26(a). Defendant cites to *Martino* v. *Kiewit N.M. Corporation*, 600 F. App'x 908, 909 (5th Cir. 2015), to support its position. On May 7, 2018, Plaintiff filed his Response to Defendant's Objections to S[u]mmary Judgment Proof (Doc. 43), and he contends that his summary judgment proof is valid pursuant to FRCP 37(a)(1). The court agrees with case law cited by Defendant that evidence may not be produced after the discovery period has closed without seeking leave from the court. In *Martino*, the Fifth Circuit explained that a district court may strike evidence submitted outside of the discovery period. *Id.* at 910-911. A party is not permitted to use such evidence unless the failure was substantially justified or harmless. *Id*. As Plaintiff did not request leave to submit evidence outside of the discovery period or explain his failure to disclose the evidence, the court cannot determine whether Plaintiff's failure was substantially justified. Therefore, the court has not considered the newly submitted exhibits in ruling on this motion. Accordingly, the court **sustains** Defendant's objection.

Defendant also contends that Plaintiff admitted in his deposition that "he has no actual damages." Plaintiff, however, indicated in his deposition only that he could not answer what would be the specific dollar amount requested from the jury. For all these reasons, the court determines that genuine disputes of material facts exist regarding Reed's intentional and negligent nuisance theories. Therefore, Defendant is not entitled to judgment as a matter of law on these bases.

### 2. Strict-Liability Nuisance

The court further determines that Plaintiff has failed to raise genuine disputes of material fact with regard to his nuisance claim based on strict-liability. "[A]bnormal and out of place" arise only from conduct that constitutes an "abnormally dangerous activity" or involves an abnormally "dangerous substance" that creates a "high degree of risk of serious injury." *Gardiner*, 505 S.W.3d at 609. Plaintiff has not presented sufficient evidence to establish a genuine dispute of material fact regarding whether LKQ conducts an abnormally dangerous activity or that its business involves an abnormally dangerous substance.

In response to Defendant's Motion for Summary Judgment, Plaintiff's only statement as it relates to strict-liability nuisance is that "abnormally dangerous is a question of fact and thus summary judgment must fail." Pl.'s Resp. 4. The court in *Gardiner*, however, held that a court may decide issues concerning strict-liability nuisance on summary judgment "if the underlying facts are undisputed or, in light of all the evidence, 'reasonable minds cannot differ.'" *Gardiner*, 505 S.W.3d at 609. As Plaintiff has not presented sufficient evidence, if any, to establish that LKQ conducts an abnormally dangerous activity or that its business involves an abnormally dangerous substance, the court determines that he has failed to raise genuine disputes of material fact regarding strict-liability. Accordingly, LKQ is entitled to judgment as a matter of law on this theory of recovery.

## IV. Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists with regard to Plaintiff's nuisance claim based on strict-liability. Defendant is, therefore, entitled to judgment as a matter of law on this ground. The court further **determines** that genuine disputes of material fact exist with regard to Plaintiff's nuisance claim on the grounds of intentional and negligent nuisance. Accordingly, the court **grants in part** and **denies in part** Defendant's Amended Brief in Support of [its] Motion for Summary Judgment Pursuant to Rule 56 (Doc. 34) for the reasons herein stated. The court **dismisses with prejudice** Plaintiff's claim for nuisance based on strict-liability. Plaintiff's nuisance claim based on intentional and negligent nuisance remains for trial.

**It is so ordered** this 6th day of July, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge